*482 JULIA SMITH GIBBONS, Circuit Judge,
concurring.
I concur with the majority’s decision to deny the petition and its resolution of all issues in the case; however, I would not apply the AEDPA standard of review to the issue involving Scott’s statement because I believe that the Michigan courts did not adjudicate the harmlessness of the admission of Scott’s statement on the merits.
The only state court to mention the admissibility of Scott’s statement was the Michigan Court of Appeals, prior to remanding the case for factual development of McCray’s claim that his confession should be suppressed. The entirety of its consideration of the issue was: “if on remand, the trial court determines that defendant McCray’s inculpatory statement must be suppressed, then it was also reversible error to admit defendant Scott’s redacted statement.” The majority reads this comment of the Michigan Court of Appeals to mean that the admission of Scott’s statement was harmless if McCray’s statement was properly admitted. (Op. 4-5.) I disagree that the comment can be read in this way. The only conclusion that may be drawn from the Michigan Court of Appeals’s statement is that if McCray’s statement was not admissible then the admission of Scott’s statement was not harmless. It does not logically follow that the reverse of each proposition is true.[3] It seems equally likely that the Michigan court intended to express the view that if the confession were suppressed, the admission of Scott’s statement was clearly reversible error, but that it was reserving judgment on the issue in the event that the confession was not suppressed. Therefore, given the absence of any other indication to the contrary, I would conclude that the Michigan courts did not adjudicate the harmlessness of the admission of Scott’s statement.
In the absence of a state court decision on the merits, the pre-AEDPA standard of review applies, and as the majority notes, we ask whether the error had a “substantial and injurious influence in determining the jury’s verdict,” with the petitioner having the burden of demonstrating the trial error resulted in “actual prejudice.” Brecht, 507 U.S. at 637, 113 S.Ct. 1710. Because McCray cannot satisfy this standard, which is arguably more deferential than the AEDPA standard, see Eddleman, 471 F.3d at 582-83, I concur in the denial of the petition.

. For example, if a case is not from the Sixth Circuit, then it is not from the Eastern District of Michigan. It does not follow that if a case is from the Sixth Circuit, then it is from the Eastern District of Michigan.